UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAYLOR OULLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:20-cv-00389-LEW |
| | ) |
| FRANCESCA'S COLLECTIONS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

Plaintiff, Taylor Ouellette, has brought this action against her former employer, Francesca's Collections, seeking damages for alleged pregnancy discrimination and negligent misrepresentation relating to Defendant's failure to provide Plaintiff with maternity leave. Defendant has moved to dismiss both counts on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

In September 2018, Plaintiff interviewed for a store manager position with Defendant, Francesca's Collections, a clothing store in Freeport, Maine. Plaintiff was four months pregnant at the time of the interview, and asked the interviewer whether Defendant provided paid maternity leave to its employees; according to Plaintiff, the interviewer assured her that paid maternity leave would be available. Plaintiff ultimately was offered the store manager position. Plaintiff accepted the position based, at least in part, on the

statement by Defendant's employee that Plaintiff would be eligible for maternity leave. *See* Complaint ¶¶ 7, 10 (ECF No. 3-2).

Plaintiff's due date was in mid-December, so, in late November, she contacted Defendant's benefits department seeking to schedule her maternity leave. Shortly thereafter, Plaintiff was told that she was ineligible for benefits, including maternity leave. When informed of this, the interviewer who had first told Plaintiff that she would be eligible for maternity leave expressed confusion and surprise to learn that Plaintiff was not eligible. Plaintiff was subsequently told that because she was ineligible for maternity leave, her employment would be terminated if she missed work to deliver her child.

Plaintiff gave birth on December 29, 2018, whereupon Defendant terminated her employment. When Plaintiff sought to rejoin the company a few weeks later, Defendant informed her that she would have to reapply. Plaintiff did reapply and was offered a position as store manager—the same position that she had previously held—on February 11, 2019. Plaintiff accepted the offer and returned to work for Defendant but quit the job a few months later.

Plaintiff filed suit in Cumberland County Superior Court, alleging that Defendant's failure to provide her with some form of maternity leave amounted to unlawful pregnancy discrimination under 5 M.R.S. § 4572-A, and that Defendant had negligently misrepresented the availability of maternity leave at the time of Plaintiff's interview. Defendant removed the case to federal court,[1] then moved to dismiss the case, arguing that

---

[1] Defendant has properly invoked this court's diversity jurisdiction. Plaintiff is a Maine resident and Defendant is incorporated in Texas. Though Plaintiff does not state a specific amount of damages sought, both parties appear to

Plaintiff has failed to state a claim for relief under either the pregnancy discrimination or negligent misrepresentation theories.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausible "means something more than merely possible," *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012), but is "not akin to a 'probability requirement,'" *Iqbal*, 556 U.S. at 678. This analysis has two steps. First, I "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Then, I determine whether "the well-pleaded facts, taken in their entirety, permit the 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

### I. Employment Discrimination

Maine law prohibits employers from treating pregnant people differently from similarly situated non-pregnant people. Employers must offer pregnant employees who are

---

accept that the amount in controversy exceeds $75,000. And even if the dismissal of one of Plaintiff's claims would decrease the amount in controversy, I need not remand the case to the state court, because "[e]vents subsequent to removal that reduce the amount in controversy below the jurisdictional minimum do not divest a federal court of jurisdiction." *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009).

able to work "reasonable accommodations for . . . pregnancy-related condition[s]." 5 M.R.S. § 4572-A(2-A). Employers must also treat employees "who [are] not able to work" due to "medical conditions that result from pregnancy" in the same manner as "other employees who are not able to work because of other disabilities or illnesses." *Id.* § 4572-A(3). The law makes clear that "childbirth" and any "related medical conditions" are "pregnancy-related conditions" that warrant protection. *Id.* § 4553(8-E). Other than reasonable accommodations for employees who are able to work, employers need not provide "leave[s] of absence . . . or other benefits" related to pregnancy beyond those provided to other, non-pregnant employees. *Id.* § 4572-A(4). Firing an employee because she is pregnant, or because she plans to take maternity leave, is impermissible pregnancy discrimination. *Tiemann v. Santarelli Enterprises, Inc.*, 486 A.2d 126, 129 (Me. 1984).

To succeed on a pregnancy discrimination claim under § 4572-A, a plaintiff must show that her employer "took adverse action against her because of her pregnancy," childbirth, or related medical conditions.[2] *Green v. New Balance Athletic Shoe, Inc.*, 182 F. Supp. 2d 128, 135 (D. Me. 2002). The core of such a claim is a disparity in treatment between pregnant and non-pregnant employees—that is, the allegation that the employer treated the pregnant employee differently from non-pregnant employees, *because* she was pregnant. *Id.* In this case, Plaintiff must ultimately convince a jury that Defendant denied

---

[2] Plaintiff brings her pregnancy discrimination claim under Maine anti-discrimination law, which courts have interpreted to be consistent with analogous federal anti-discrimination laws. *See Green v. New Balance Athletic Shoe, Inc.*, 182 F. Supp. 2d 128, 135 (D. Me. 2002). Accordingly, I look to precedents applying federal anti-discrimination law for guidance. *See id.*

4

her maternity leave when an employee with a non-pregnancy disability would have been granted an equivalent leave of absence or medical leave.

Where, as here, a plaintiff seeks to prove pregnancy discrimination via circumstantial rather than direct evidence, Maine courts apply the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Me. Hum. Rts. Comm'n v. City of Auburn*, 408 A.2d 1253, 1261–63 (Me. 1979). Under this framework, a plaintiff must first make out a prima facie case of discrimination by showing that (1) she belonged to a protected class, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) there was some causal connection between her membership in the protected class and the adverse employment action. *Bhatti v. Trs. of Boston Univ.*, 659 F.3d 64, 70 (1st Cir. 2011). A plaintiff who makes this showing establishes a presumption of discrimination, which the defendant may then rebut by showing a legitimate, nondiscriminatory reason for its action. *Id*. Should the defendant provide such a justification, the plaintiff must then show that the defendant's proffered justification was merely a pretext for the true discriminatory motive. *Id.*

That is the standard that a plaintiff ultimately must meet to recover for employment discrimination; but to survive a motion to dismiss, she need only plead "enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013). A plaintiff need not show a "one-to-one relationship between any single allegation and a necessary element of the cause of action" or the prima facie case, nor must the plaintiff include "any particular factual allegations." *Id*. at 55. Instead, the court looks to whether the "cumulative

effect of the factual allegations" contained in the complaint supports the plausible inference that Defendant is liable. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 14 (1st Cir. 2011). In this respect, the elements of the prima facie discrimination case are a useful, though not dispositive, "prism to shed light upon the plausibility of the claim." *Rodriguez-Reyes*, 711 F.3d at 54.

In particular, a court adjudicating a motion to dismiss a discrimination claim looks to whether the complaint alleges facts to "show that the claim of causation is plausible." *Rodriguez-Reyes*, 711 F.3d at 55. Thus, courts in this circuit routinely dismiss discrimination claims that lack facts to support the inference that the plaintiff "received disparate treatment compared to someone outside of the [protected] class." *McHugh v. Brinks, Inc.*, No. 1:07-CV-160-JAW, 2008 WL 3471251, at *9 (D. Me. Aug. 12, 2008) (dismissing disability discrimination claim). *See also Lustgarten v. Lowe's Home Centers, LLC*, No. 2:15-CV-289-NT, 2015 WL 7312442, at *3 (D. Me. Nov. 19, 2015) (dismissing age discrimination claims); *May v. Schering Corp.*, No. 1:09-CV-170-JAW, 2010 WL 377012, at *8 (D. Me. Jan. 26, 2010) (dismissing gender discrimination claim). *Cf. Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 219 (D. Mass. 2017) (granting judgment on the pleadings where plaintiff alleged racial discrimination but did not allege that members of other racial groups received different outcomes). By contrast, courts in this circuit have declined to dismiss discrimination claims where plaintiffs alleged facts purporting to show that individuals outside the protected class received superior treatment, *see, e.g.*, *Corson v. Modula, Inc.*, No. 2:20-CV-104-DBH, 2020 WL 4194498, at *4–5 (D. Me. July 21, 2020) (gender and age discrimination), that the employer treated the employee worse upon

learning of her membership in the protected class, *see, e.g.*, *Evans v. Staples, Inc.*, 375 F. Supp. 3d 117, 123–24 (D. Mass. 2019) (racial discrimination), or that the employer expressed hostility toward members of the protected class, *see, e.g.*, *Fireside v. Coll. for Am., S. N.H. Univ.*, No. 17-CV-374-LM, 2018 WL 1108215, at *2 (D.N.H. Feb. 27, 2018) (pregnancy discrimination).

Plaintiff's complaint falls short on that score. Plaintiff alleges that she was pregnant; that Defendant knew she was pregnant; that she requested, and was denied, maternity leave; and that defendant terminated her when she missed work after giving birth. Critically, though, Plaintiff has made no factual allegations to support the reasonable inference that Defendant would have treated a non-pregnant employee better by offering an analogous, non-maternity leave—that is, Plaintiff has not alleged that it was her pregnancy or childbirth, rather than her need to take an extended absence from work, that caused her to be terminated. In fact, Plaintiff alleges that she was denied "benefits," rather than maternity leave specifically, suggesting that a non-pregnant employee in her shoes would have been denied an analogous benefit such as disability or medical leave. Plaintiff's allegations are consistent with pregnancy discrimination; but she has not provided any allegations to suggest that discrimination is more than a mere possibility. Because Plaintiff has not provided the requisite "short and plain statement" showing that she "is entitled to relief," *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. Pro. 8(a)(2)), her complaint must be dismissed.

To the extent that Plaintiff suggests that Defendant's refusal to offer her maternity leave amounts to *per se* pregnancy discrimination, that argument must fail. Maine courts

have made clear that firing an employee because she has expressed an intention to take maternity leave amounts to illegal pregnancy discrimination. *Tiemann*, 486 A.2d at 129. But I am aware of no case that has extended *Tiemann*'s holding to conclude that employers—including those who do not offer other leaves of absence—are forbidden from terminating employees who *in fact* stay home from work after giving birth. Such an interpretation would amount to holding that § 4572-A requires employers to offer at least some form of maternity leave.

    Section 4572-A does not support such a broad reading. The statute expressly disclaims the idea that employers are responsible for providing pregnant employees with any "leave of absence [or] medical benefits" beyond what is offered to non-pregnant employees. 5 M.R.S. § 4572-A(4). Thus, unless an employer offers some sort of family leave, medical leave, disability leave, or other leave of absence to its non-pregnant employees who are unable to work, it is under no obligation to provide maternity leave to pregnant employees. And while an employer must offer reasonable accommodations, such as "temporary modification[s] in work schedules," for pregnant employees who are otherwise able to work, *id.* § 4572-A(2)(C), maternity leave is not an accommodation. Accommodations enable individuals with disabilities to better perform core functions of their jobs, *id.* § 4553(8)(D), but maternity leave enables individuals to *not* perform their jobs for the duration of the leave. In any event, I would not presume that a statute prohibiting pregnancy discrimination includes a hidden requirement that employers offer some form of maternity leave to their employees. Governmentally guaranteed parental leave is a socially significant policy that has been the subject of considerable public

discourse in its own right, and legislatures do not "hide elephants in mouseholes." *Whitman v. Am. Trucking Assns., Inc.*, 531 U.S. 457, 468 (2001).

Accordingly, Plaintiff has failed to state a claim for pregnancy discrimination under § 4572-A.

## II. Negligent Misrepresentation

Plaintiff successfully states a claim for negligent misrepresentation. Under Maine law, a Defendant who "supplies false information" in the course of a transaction while failing "to exercise the care or competence of a reasonable person" in obtaining or conveying that information is liable for Plaintiff's "pecuniary loss caused to them by their justifiable reliance upon the information." *Rand v. Bath Iron Works Corp.*, 832 A.2d 771, 774 (Me. 2003) (citations omitted). Here, Plaintiff alleges that one of Defendant's employees informed her that she would be provided paid maternity leave and that she accepted the position based on that representation. Plaintiff further alleges that she was ineligible for maternity leave under company policy, that she was denied maternity leave, and that she lost her job when she had to take time off from work to deliver her child. Though Plaintiff was ultimately rehired into the same role, her termination resulted in her being unemployed for approximately two months. Taken as true, these allegations "permit the reasonable inference" that Defendant's employee failed to exercise reasonable care in assuring Plaintiff that she would be eligible for maternity leave, and that Plaintiff suffered lost wages after accepting the position in reliance on this false information. *Iqbal*, 556 U.S.

at 678. It is plausible, based on Plaintiff's allegations, that Defendant will be found liable for negligent misrepresentation under Maine law.

At this stage in the litigation, Plaintiff need not show any more. Defendant suggests that, even taking the complaint's allegations as true, it is at least as likely that Plaintiff will fail to establish one or more necessary elements of the negligent representation as it is that she will succeed in the claim. But that sort of weighing of likelihoods is irrelevant at the motion to dismiss stage, as the plausibility standard is "not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678. Thus, Plaintiff's failure to provide detailed factual allegations to substantiate her claim that the denial of maternity leave caused her economic harm is not fatal to her claim. Defendant also suggests that if Maine law did not guarantee Plaintiff maternity leave, her negligent representation claim must be dismissed as well on the theory that a negligent misrepresentation plaintiff may only recover for benefits to which she is otherwise legally entitled. But the very premise of contract is that parties may agree to provide one another benefits beyond those that they are legally obligated to provide; and where, as here, one party is alleged to have made false representations while contracting, the other party may seek redress notwithstanding her entitlement to benefits under state law.

Accordingly, I decline to dismiss Plaintiff's negligent misrepresentation claim.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's discrimination claim and DENIED with respect to Plaintiff's negligent misrepresentation claim.

**SO ORDERED.**

Dated this 30th day of November, 2021.

/s/ Lance E. Walker  
UNITED STATES DISTRICT JUDGE