UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAYLOR OUELLETTE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   2:20-cv-00389-LEW |
| FRANCESCA'S COLLECTIONS, INC. , | ) ) ) |
|     Defendant | ) ) |

**ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff moves to amend her complaint to include additional allegations in support of her claim for pregnancy discrimination against Defendant under the Maine Human Rights Act (MHRA), 5 M.R.S. § 4572-A.[1] (Motion to Amend, ECF No. 17; Proposed Amended Complaint, ECF No. 17-1.) Defendant opposes the motion. Following review of the record and after consideration of the parties' arguments, the Court denies the motion.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed a complaint against Defendant, her former employer, in state court in June 2020, alleging claims for pregnancy discrimination under the MHRA and negligent

---

[1] Section 4572-A states that it is

> unlawful employment discrimination … for an employer … to treat a pregnant person who is not able to work because of a disability or illness resulting from pregnancy, or from medical conditions that result from pregnancy, in a different manner from other employees who are not able to work because of other disabilities or illnesses.

5 M.R.S. § 4572-A(3). The statute also provides that employers are not required to provide sick leave or a leave of absence to a person because of pregnancy if the employer does not also provide such benefits to other employees and is not otherwise required to provide leave under other state or federal laws. 5 M.R.S. § 4572-A(4).

misrepresentation. Plaintiff alleged Defendant terminated her employment when she took leave to deliver her child. (Complaint, ECF No. 15.) Defendant removed the matter to this Court and moved to dismiss the complaint. (Motion to Dismiss, ECF No. 6.) Defendant subsequently filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware in December 2020, and this action was administratively closed. (Administrative Order, ECF No.12.) On July 15, 2021, the Bankruptcy Court lifted the stay to permit this action to proceed. The Court subsequently reopened this case on the docket. (Order, ECF No. 14.)

Prior to the stay of proceedings, the parties had briefed Defendant's motion to dismiss. On November 30, 2021, the Court granted in part the motion to dismiss. (Order, ECF No.16.) The Court dismissed Plaintiff's pregnancy discrimination claim, concluding that Plaintiff had failed to allege facts sufficient "to support a reasonable inference that Defendant would have treated a non-pregnant employee better by offering an analogous, non-maternity leave—that is, Plaintiff [did] not allege[] that it was her pregnancy or childbirth, rather than her need to take an extended absence from work, that caused her to be terminated." (Order at 7.)

## DISCUSSION

Courts should grant leave to amend "freely" when "justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Defendant asks the Court to deny Plaintiff's motion because the proposed amendment is futile, as Plaintiff has failed to cure the deficiency in her complaint. A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *see also Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993). When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

Plaintiff seeks to amend her complaint, in pertinent part, to state that Defendant informed her that her employment would be terminated "after the deliver[y of] her child," (Proposed Amended Complaint ¶¶ 12, 15), and to remove a reference to Defendant's failure to provide Plaintiff with leave. (*Compare* Complaint ¶ 15 *to* Proposed Amended Complaint ¶¶ 16-17.) Plaintiff further alleges that she delivered her child and then her employment was terminated. (Proposed Amended Complaint ¶¶ 17, 19.) Plaintiff also includes the following allegations in the proposed amended complaint:

> Defendant did not treat employees outside Plaintiff's protected class as adversely as it treated Plaintiff. Specifically, Defendant did not terminate employees simply for being a member of a protected class. (Proposed Amended Complaint ¶ 19.)

3

> A causal link exists between [Plaintiff]'s termination and her pregnancy and childbirth. (*Id.* ¶ 29.)
>
> The causal link is based on Defendant's statement that it would terminate [Plaintiff] due to her pregnancy/childbirth, Defendant did terminate Plaintiff due to her pregnancy/childbirth, the immediate temporal link between Plaintiff's childbirth and her termination, Defendant's inability to articulate a non-discriminatory reason for Plaintiff's termination. (*Id.* ¶ 30.)

As referenced above, in its order dismissing Plaintiff's complaint, the Court concluded Plaintiff failed to allege facts sufficient "to support a reasonable inference that Defendant would have treated a non-pregnant employee better by offering an analogous, non-maternity leave—that is, Plaintiff [did] not allege[] that it was her pregnancy or childbirth, rather than her need to take an extended absence from work, that caused her to be terminated." (Order at 7.) Plaintiff essentially attempts to address the deficiency in the complaint by alleging that Defendant asserted it would terminate her employment "due to her pregnancy/childbirth" (the statement) and then subsequently did so. (Proposed Amended Complaint ¶¶ 12, 15, 19.) The issue is whether the statement would be sufficient to establish the necessary causal relationship between Plaintiff's pregnancy and the termination of her employment.

A review of the entirety of Plaintiff's proposed amended complaint reveals that Plaintiff alleges that Defendant made the statement in the context of whether Plaintiff was entitled to pregnancy/childbirth-related leave. That is, Plaintiff references the statement in connection with Defendant advising Plaintiff that she was not entitled to leave. (Proposed Amended Complaint ¶¶ 12, 14, 15.) Plaintiff provides no facts to suggest the statement was made in any other context. Plaintiff's claim, therefore, is that Defendant did not

4

provide her leave and terminated her employment because she was unavailable to work after she delivered her child.

To cure the deficiency in the original complaint, Plaintiff must allege facts that would support a finding that Defendant would have treated a non-pregnant employee differently – that Defendant would have provided leave to and would not have terminated the employment of a non-pregnant employee who was unavailable to work because of a medical condition. Plaintiff evidently attempts to satisfy this requirement by alleging that "Defendant did not treat employees outside Plaintiff's protected class as adversely as it treated Plaintiff." (*Id*. ¶ 19.) Plaintiff's allegation, however, includes no facts regarding other employees' availability to work and is thus conclusory and not sufficient to sustain the claim. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (to be actionable, a complaint cannot consist of entirely "conclusory allegations that merely parrot the relevant legal standard"). Plaintiff's proposed amended complaint, therefore, would not cure the deficiency of the original complaint. Because Plaintiff's proposed amended complaint "would not survive a motion to dismiss under" Federal Rule of Procedure 12(b)(6), the proposed amendment would be futile. *Franchini v. Bangor Publ'g Co. Inc*., Docket No. 1:18-cv-00015-GZS, 2020 WL 1879012 (D. Me. April 15, 2020). Leave to amend, therefore, is not warranted.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to amend her complaint.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2022.